**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

IOU Central, Inc. d/b/a IOU Financial, Inc,

Plaintiff,

v. Case No. 1:20-cv-3919-MLB

Zavala Family, Inc. d/b/a SCV Recycling, et al.,

Defendants.

________________________________/

**OPINION & ORDER**

Plaintiff IOU Central, Inc. sued Defendants Zavala Family, Inc. ("Zavala Family"), Jose I. Zavala Sanabria, and Mayra Alejandra Zavala for (1) declaratory, equitable, and related relief; (2) breach of instruments; (3) breach of fiduciary duty of trust to creditor; (4) quantum meruit/unjust enrichment; (5) equitable lien/equitable mortgage; (6) constructive trust; and (7) attorneys' fees. (Dkt. 1.) On November 2, 2020, the Clerk entered default against Defendants. (Docket Entries 11/2/2020.) On June 1, 2021, the Court ordered Plaintiff either to file a motion for default judgment or show cause why this case should not be

dismissed without prejudice for failure to prosecute. (Dkt. 16.) On June 23, 2021, Plaintiff moved for summary judgment and leave to file motion for summary judgment out of time.[1] (Dkts. 17; 18.)

## I. Background

On December 10, 2019, Defendants Jose and Mayra submitted a loan application to Plaintiff's Georgia website for a commercial loan for Defendant Zavala Family. (Dkt. 17 ¶ 4.) Two days later, Defendants Jose and Mayra electronically executed a note to Plaintiff for Defendant Zavala Family for the principal sum of $432,000. (*Id.* ¶ 5.) According to the note, Defendant Zavala Family defaults if it fails to pay any amount due on the loan or obtains another loan during the term of the loan without Plaintiff's prior written permission. (*Id.* ¶ 7.) The note includes a security agreement, by which all Defendants encumbered or intended to encumber their property as collateral for the loan. (*Id.* ¶ 8.) Plaintiff relied upon that security agreement in approving to the loan. (*Id.*)

[1] "Because Defendants have failed to plead or defend this action, at this juncture it would be more appropriate for Plaintiff to have filed a Motion for Default Judgment pursuant to Fed. R. Civ. P. 55(b)(2). However, as Plaintiff has cited to documents outside the Complaint and drafted its motion as one for summary judgment, the Court will treat it as such." *Great Divide Ins. Co. v. Adams*, No. 18-CV-1196, 2018 WL 6422615, at *1 n.1 (N.D. Ga. Oct. 12, 2018).

On the same day they executed the note, Defendants Jose and Mayra also executed a guarantee of the note and the security agreement. (*Id.* ¶ 9.) In doing so, Defendants Jose and Mayra granted or intended to grant the same security interest in their property, proceeds, and assets as Defendant Zavala Family had done to guaranty the note and security agreement. (*Id.* ¶ 11.) The guarantee provide for enforcement against Defendants Jose and Mayra if Defendant Zavala Family defaulted on its obligations and Defendants Jose and Mayra failed to satisfy their obligations. (*Id.* ¶ 12.) Defendant Jose also executed a debit agreement with Defendant Zavala Family to Plaintiff authorizing loan payments to Plaintiff from his account. (Dkts. 17 ¶ 14; 17-4.) Later that day, Plaintiff funded the loan. (Dkt. 17 ¶ 16.)

Defendants did not make payments, and Plaintiff accelerated the loan balance. (*Id.* ¶ 23.) On February 19, 2020, Defendants Jose and Mayra obtained a loan for Defendant Zavala Family with VFS, LLC, encumbering one of its assets without Plaintiff's consent. (Dkts. 17 ¶ 26; 17-6.) On April 7, 2020, Defendants Jose and Mayra obtained a loan for Defendant Zavala Family with Funding Metrics, LLC, encumbering its property, accounts, and proceeds without Plaintiff's consent. (Dkts. 17 ¶

27; 17-7.) On November 12, 2020, Defendants Jose and Mayra allowed property and assets of Defendant Zavala Family to be sold. (Dkts. 17 ¶ 29; 17-9.)

On September 21, 2020, Plaintiff sued Defendants for (1) declaratory, equitable, and related relief; (2) breach of instruments; (3) breach of fiduciary duty of trust to creditor; (4) quantum meruit/unjust enrichment; (5) equitable lien/equitable mortgage; (6) constructive trust; and (7) attorneys' fees. (Dkt. 1.) The Clerk entered default on November 2, 2020. Plaintiff filed a motion for summary judgment and motion for leave to file motion for summary judgment out of time on June 23, 2021. (Dkts. 17; 18.)

## II. Motion for Leave to File Motion for Summary Judgment Out of Time

On November 2, 2020, the Clerk entered default against Defendants. (Docket Entries 11/2/2020.) On June 1, 2021, the Court ordered Plaintiff, by June 22, 2021, to (1) file its motion for default judgment or (2) show cause why the case should not be dismissed for failure to prosecute. (Dkt. 16.) On June 23, 2021, a day after the deadline, Plaintiff filed its motion for summary judgment and unopposed motion for leave to file its motion for summary judgment out of time.

(Dkts. 17; 18.) Plaintiff's motion for leave is unopposed, was filed only one day after the deadline, and explains the reason for the delay. (Dkt. 18.) The relief will not delay the case or prejudice Defendants. And it is the Court's policy to rule on the merits of a case whenever possible. *See Florida Physician's Ins. Co., Inc. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993) (explaining the strong policy of determining cases on their merits). For good cause shown, the Court grants Plaintiff's unopposed motion for leave to file motion for summary judgment out of time. (Dkt. 18.)

## III. Motion for Summary Judgment

### A. Legal Standard

Federal Rule of Civil Procedure 56 provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *W. Grp. Nurseries, Inc. v. Ergas*, 167 F.3d 1354, 1360 (11th Cir. 1999) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 1361 (citing *Anderson*, 477 U.S. at 248).

The party moving for summary judgment bears the initial burden of showing the court, by reference to materials in the record, that there is no genuine dispute as to any material fact. *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The nonmoving party then has the burden of showing that summary judgment is improper by coming forward with "specific facts" showing there is a genuine dispute for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing Fed. R. Civ. P. 56(e)). Ultimately, there is no "genuine issue for trial" when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Id.* (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247–48. A district court must "resolve all reasonable doubts about the facts in favor of the non-movant[] and draw all justifiable inferences in his or her favor." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112,

1115 (11th Cir. 1993) (alteration adopted) (quoting *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1437 (11th Cir. 1991)).

Even if a motion for summary judgment is unopposed, the movant must still show it is entitled to judgment on the merits, based on evidentiary materials in the record. *See Dunlap v. Transam. Occidental Life Ins. Co.*, 858 F.2d 629, 632 (11th Cir. 1988) (holding district court did not err in treating motion for summary judgment as unopposed when it considered the merits of the motion). The district court "need not sua sponte review all of the evidentiary materials on file at the time the motion is granted," but it must at least review all those submitted in support of the summary judgment motion. *United States v. One Piece of Real Prop. Located at 5800 S.W. 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). A district court's order granting an unopposed motion for summary judgment must indicate that the merits were considered. *Id.* at 1102.

## B. Discussion

### 1. Declaratory and Equitable Relief

Plaintiff requests the Court "declare, establish and reform its Instruments to bind Defendants, who are jointly liable for the Loan, a

security interest in their property, assets and proceeds, subrogated into the Prior Loan[s] and . . . grant all just relief." (Dkt. 1 ¶ 39.) In the alternative, Plaintiff "demands judgment as to the Defendants for compensatory, consequential, special, nominal, punitive damages for their misconduct and all just relief." (*Id.* ¶ 40.)

Defendants Jose and Mayra applied for a loan from Plaintiff for Defendant Zavala Family. (Dkt. 17 ¶ 4.) They executed a promissory note to Plaintiff for Defendant Zavala Family for the principal amount of $432,000. (*Id.* ¶ 5.) As security for the loan, Defendant Zavala Family granted to Plaintiff a "security interest to a continuing lien" upon:

> Borrower's now owned or hereafter acquired, created or arising property including any right, title or interest in or to property of any kind whatsoever, whether real, personal or mixed, and whether tangible or intangible, and in each case regardless of where such Property may be located and whether such Property may be in the possession of Borrower, Lender or a third party and shall include any right, title or interest in or to property of any kind whatsoever, whether real, personal or mixed, and whether tangible or intangible and (1) any and all amounts owing to Borrower now or in the future from any merchant processor(s) processing charges made by customers of Borrower via credit card or debit card transactions: and (2) all other tangible and intangible personal property, including, but not limited to: (a) inventory, (b) equipment, (c) investment property, including certificated and uncertificated securities, securities accounts, security entitlements, commodity contracts and commodity accounts, (d) instruments, including promissory notes, (e) chattel paper,

> including tangible chattel paper and electronic chattel paper, (f) documents, (g) letter of credit rights, (h) accounts, including health care insurance receivables, (i) deposit accounts, (j) general intangibles, including payment intangibles and software, and (k) as-extracted collateral as such terms may from time to time be defined in the Uniform Commercial Code. The collateral includes all accessions, attachments, accessories, parts, supplies and replacements for the collateral, all products, proceeds and collections thereof and all records and data relation thereto.

(Dkt. 17-1 ¶ 21.)[2] "Under Georgia law, a mortgage is created when a property owner uses that property as security for his debt to another. Because a mortgage merely grants a lien against the property, as opposed to passing title to the same, '[n]o particular form is necessary to constitute a mortgage.'" *Baxter v. Bayview Loan Serving, LLC*, 688 S.E.2d 363, 368 (Ga. Ct. App. 2009) (quoting O.C.G.A. § 44-12-31) (other internal citation omitted). Plaintiff thus has a mortgage on Defendant Zavala Family's property as defined in the note.

Defendants Jose and Mayra also executed guarantees of the promissory note. (Dkt. 17 ¶ 9.) They unconditionally guarantee payment of the "Guaranteed Debt" if Defendant Zavala Family "defaults on its

---

[2] The promissory note and guarantees define the Borrower as Defendant Zavala Family. (Dkts. 17-1 at 1; 17-2 at 1; 17-3 at 1.)

obligation under the Note." (Dkts. 17-2 ¶ 19; 17-3 ¶ 19.) The Guaranteed Debt is defined as

> all amounts owed by Borrower under the Note, including: (i) the Principal amount; (ii) Note Interest; (iii) Default Interest; (iv) Late Charges, (v) Insufficient Funds Charges; (vi) amounts owed as a consequence of a declared Event of Default and acceleration by Lender; and (vii) Lender's other costs and expenses of enforcing the Note including, but not limited to, attorneys' fees, and the costs of any arbitration proceeding to enforce the Note against Borrower.

(Dkts. 17-2 ¶ 1; 17-3 ¶ 1.)

The undisputed facts establish that Defendant Zavala Family failed to pay the promissory note as required and obtained other loans without Plaintiff's permission—both specifically enumerated events of default. (Dkts. 17 ¶¶ 23, 26–27, 29; 17-6; 17-7; 17-9; 17-1 ¶ 6.) Defendants Jose and Mayra are thus jointly and severally liable for payment of the Guaranteed Debt. *See Fannie Mae v. Las Colinas Apartments, LLC*, 815 S.E.2d 334, 337–39 (Ga. Ct. App. 2018) (holding that the borrower and guarantor of a promissory note were jointly and severally liable under the terms of the promissory note). The Court grants summary judgment as to Count 1 and declares Defendants Jose and Mayra jointly and

severally liable for payment of the amounts dur under the promissory note.[3]

### 2. Breach of Instruments

In Count II, Plaintiff seeks a judgment for the unpaid loan balance, interest, attorneys' fees, costs, and other charges. (Dkt. 1 ¶ 46.) "A promissory note is an unconditional obligation, sufficient in itself to support a cause of action." *Brooks v. McCorkle*, 329 S.E.2d 214, 215 (Ga. Ct. App. 1985). As the holder of the promissory note, Plaintiff may enforce it. O.C.G.A. § 11-3-301.

"In order to recover for a breach of a promissory note and guaranty, the plaintiff must establish a prima facie case by 'producing the note and showing that it was executed.'" *Bank of the Ozarks v. Neboki Dev., LLC*, No. 4:11-CV-260, 2012 WL 13024013, at *3 (N.D. Ga. Aug. 16, 2012) (quoting *Fielbon Dev. Co., LLC v. Colony Bank of Houston Cnty.*, 660 S.E.2d 801, 805 (Ga. Ct. App. 2008)). "Once that prima facie case has been made, the plaintiff is entitled to judgment as a matter of law unless

---

[3] The complaint is not entirely clear as to what Plaintiff seeks and often fails to differentiate between the defendants, but the Court interprets the complaint to request a declaration only that Defendants Jose and Mayra are jointly and severally liable—which the Court finds.

the defendant can establish a defense." *Fielbon Dev.*, 660 S.E.2d at 805 (internal quotations omitted). "The same standard applies to personal guaranty agreements." *Bank of the Ozarks*, 2012 WL 13024013, at *3.

Defendant Zavala Family promised to pay $432,000.00 (the loan principal), plus interest and fees, and Defendants Jose and Mayra guaranteed the loan. (Dkts. 17-1 at 1; 17-2; 17-3.) Defendant Zavala Family breached the note and is in default on the loan. (Dkts. 1 ¶ 43; 17 ¶ 18.) Under the note's acceleration clause, at Plaintiff's option, when Defendant Zavala Family defaulted, the following "became immediately due and payable":

> (i) the whole of the Principal sum of this Note, (ii) Note Interest, Default Interest, Late Charges, and all other sums as provided for in this Note including the Loan Guarantee Fee, and (iii) all sums advanced and costs and expenses incurred by Lender in connection with this Loan, including attorneys' fees and any other costs incurred by Lender in enforcing Borrower's obligations under this Note.

(Dkts. 17 ¶ 23; 17-1 ¶ 12.) Plaintiff has presented undisputed evidence that Defendants admitted they executed and breached the note and have offered no affirmative defenses. (Dkt. 17 ¶¶ 5, 23.) Plaintiff's chief operating officer contends Plaintiff is entitled to a judgment of $440,604.97, consisting of the following:

| | |
|---|---|
| Unpaid principal balance: | $319,496.44 |
| Guaranty Fee: | $43,668.94 |
| Accrued Pre-Judgment Interest: | $37,020.96 |
| Court Filing Fee: | $400.00 |
| Attorneys' Fees | $40,018.63 |

(Dkt. 17-10 ¶ 5.) Plaintiff contends the attorneys' fees are 10% of the principal and interest, "per 13-1-11." (*Id.*) But under O.C.G.A. § 13-1-11, where a contract provides for the payment of attorneys' fees without listing a specific percent, the provision is construed to mean "15 percent of the first $500.00 of principal and interest owing on such note or other evidence of indebtedness and 10 percent of the amount of principal and interest owing thereon in excess of $500.00." O.C.G.A. § 13-1-11(a)(2). And

> [a]s a precondition of a § 13-1-11 attorney's fee award, the party seeking fees must issue a demand notice, which must (1) be in writing; (2) to the party sought to be held on the obligation; (3) after maturity; (4) state that the provisions relative to payment of attorney fees in addition to principal and interest will be enforced; and (5) state that the party has ten days from the receipt of such notice to pay the principal and interest without the attorney fees.

*Turbine Engine Components Techs. Corp. v. B.H. Aircraft Co., Inc.*, No. 7:09-CV-86, 2010 WL 55911, at *1 (M.D. Ga. Jan. 4, 2010); *see also FAS*

*Capital, LLC v. Carr*, 7 F. Supp. 3d 1259, 1269 (N.D. Ga. 2014) (holding that O.C.G.A. § 13-1-11 supports an award of fees "subject to the following conditions: (1) the note contains an attorney's fee provision, (2) the debt owed under the note has matured, (3) the debtor was notified that he can avoid liability for attorney's fees by paying the debt within ten days of his receipt of the notice, (4) the ten day period has expired, and (5) the debt is collected by or through an attorney"). "Compliance with the notice requirements . . . is a 'mandatory condition precedent' to the recovery of attorney fees under that statute." *Best v. CB Decatur Court, LLC*, 750 S.E.2d 716, 720 (Ga. Ct. App. 2013) (quoting *Core LaVista v. Cumming*, 709 S.E.2d 336, 342 (Ga. Ct. App. 2011)). Plaintiff failed to establish it met all the preconditions.

The Court thus grants Plaintiff's motion for summary judgment on Count II, except as to Plaintiff's claim for attorneys' fees.

**3. Breach of Fiduciary Duty**

In Count III, Plaintiff alleges Defendants Jose and Mayra breached their fiduciary duty to Plaintiff. (Dkt. 1 ¶¶ 50–53.) Although Plaintiff discusses the foundation of a breach of fiduciary duty claim in its motion for summary judgment, it states, "Plaintiff is not presently seeking

damages on Count III." (Dkt. 17-11 at 19–20.) The Court construes this as Plaintiff is not moving for summary judgment on Count III.[4]

### 4. Quantum Meruit/Unjust Enrichment

In Count IV, Plaintiff alleges quantum meruit and unjust enrichment. (Dkt. 1 ¶¶ 56–60.) But again, Plaintiff contends it "is not presently seeking damages in Count IV." (Dkt. 17-11 at 20.) The Court again construes this as Plaintiff is not moving for summary judgment on Count IV.[5]

### 5. Equitable Lien/Equitable Mortgage

In Count V, Plaintiff asks the Court to declare and impose an equitable lien or equitable mortgage on Defendants' property and assets. (Dkt. 1 ¶¶ 62–65.)

> A special lien on specific property may be decreed whenever the rules of equity require this remedy. One of those rules is that equitable relief is improper if the complainant has a remedy at law which is adequate, i.e., as practical and as efficient to the ends of justice and its prompt administration as the remedy in equity.

---

[4] If the Court construes Plaintiff's motion incorrectly, Plaintiff can notify the Court within 7 days from entry of this Order.

[5] If the Court construes Plaintiff's motion incorrectly, Plaintiff can notify the Court within 7 days from entry of this Order.

*McArthur Elec., Inc. v. Cobb Cnty. Sch. Dist.*, 642 S.E.2d 830, 831 (Ga. Ct. App. 2007) (internal citations and quotations omitted). "Equity will grant relief only where there is no available adequate and complete remedy at law, and the availability of money damages affords an adequate and complete remedy." *McGlashan v. Snowden*, 738 S.E.2d 619, 620 (Ga. 2013) (internal citations and quotations omitted). Because Plaintiff is entitled to money damages against Defendants, an equitable lien or equitable mortgage would be improper. The Court thus denies Plaintiff's motion for summary judgment as to Court V.

**6. Constructive Trust**

In Count VI, Plaintiff asks the Court to declare and impose a constructive trust on Defendants' property and assets. (Dkt. 1 ¶¶ 70–71.) "A constructive trust is a trust implied whenever the circumstances are such that the person holding legal title to property, either from fraud or otherwise, cannot enjoy the beneficial interest in the property without violating some established principle of equity." O.C.G.A. § 53-12-132(a). "[A] constructive trust is a remedy created by a court in equity to prevent unjust enrichment." *Whiten v. Murray*, 599 S.E.2d 346, 350 (Ga. Ct. App. 2004); *see also United States v. Shefton*, 548 F.3d 1360, 1365 (11th Cir.

2008) (stating that under Georgia law, constructive trusts are "equitable remedies"). "[C]onstructive trusts are inherently equitable in nature and that equitable relief is available only in the absence of an adequate remedy at law." *Mitsubishi Int'l Corp. v. Cardinal Textile Sales, Inc.*, 14 F.3d 1507, 1518 (11th Cir. 1994). Because Plaintiff has an adequate remedy at law, a constructive trust is not implied, and the Court denies Plaintiff's motion for summary judgment as to Count VI.

**7. Attorneys' Fees**

In Count VII, Plaintiff seeks attorneys' fees under O.C.G.A. § 13-6-11. (Dkt. 1 ¶ 75.) Under that statute

> [t]he expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, *the jury may allow them*.

O.C.G.A. § 13-6-11 (emphasis added). "[T]he intent of the law, as shown by the words, 'the jury may allow them,' is to leave the matter of expenses of litigation to the jury trying the case." *Covington Square Assocs., LLC v. Ingles Mkts., Inc.*, 696 S.E.2d 649, 650 (Ga. 2010) (quoting *Taylor v. Estes*, 70 S.E.2d 82, 84 (Ga. Ct. App. 1952)). "As a result, 'it has long been held that in suits where the expenses of litigation might be recovered as

part of the damages, it is error for the trial court to direct a verdict therefor. The matter of such expenses is left solely to the jury.'" *Id.* In *Covington Square Associates*, the Georgia Supreme Court held that "the language of OCGA § 13-6-11 prevents a trial court from ever determining that a claimant is entitled to attorney fees as a matter of law." *Id.*; *see also id.* at 651 ("[B]ecause both the liability for and amount of attorney fees pursuant to OCGA § 13-6-11 are solely for the jury's determination, a trial court is not authorized to grant summary judgment in favor of a claimant therefor."). Plaintiff asks the Court to grant its attorneys' fees and expenses pursuant to O.C.G.A. § 13-6-11 via summary judgment. But based on clear Georgia Supreme Court case law, the Court is not authorized to do so. The Court thus denies Plaintiff's motion for summary judgment as to Count VII.

## IV. Conclusion

The Court **GRANTS** Plaintiff's Unopposed Motion for Leave to File Motion for Summary Judgment Out of Time. (Dkt. 18.)

The Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion for Summary Judgment. (Dkt. 17.)

**SO ORDERED** this 6th day of December, 2021.

MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE